ORIGINAL

FILED
MAY 19 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAVID S. HOLLAND and JACQUE N. HOLLAND | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL NO. 06-405 T |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs David S. Holland and Jacque N. Holland ("Plaintiffs" or the "Hollands") are citizens of the United States of America whose address is 2914 Ann Arbor, Houston, TX, 77063.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, and 6230 of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiff.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1] References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1993)

5. David S. Holland and Jacque N. Holland filed a timely joint federal income tax return for calendar year 1993 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-8638 and XXX-XX-6708.

6. David S. Holland was a limited partner in Canyon Desert Vineyards ("CDV"), a California limited partnership.

7. CDV dissolved and terminated.

8. On December 17, 2003, the Hollands filed with the IRS a claim in the amount of $9,744.00 for refund of tax due to the loss they realized on the termination of CDV.

9. The Hollands asserted the following grounds for recovery in their refund claim, which are restated as follows:

A. CDV was an AMCOR partnership which was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interest, which loss is the basis of this claim for refund.

E. Plaintiffs have been advised that the IRS has agreed to allow a capital loss equal to the adjustment to their basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized as a capital loss upon worthlessness and final termination of the partnership interest.

F. The basis adjustment and loss recognized is $33,386.00.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

I. Plaintiffs' also requested that the Secretary apply §6621(d) to the periods of overlapping underpayments and overpayments for the periods set forth if §5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1994, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the 1985 tax liability as requested by the taxpayers, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

J. The entire loss should be allowable in 1993 as an ordinary loss based on Rev. Rul. 93-80, but the claim was restricted to capital loss treatment in acquiescence to the position the IRS has taken that capital losses will be allowed. In the alternative, Plaintiffs asserted in their claim that if the claim is denied for any reason, the claim should be treated as an alternative claim for the greater resulting refund in 1994, which the Internal Revenue Service has denied.

10. Over six (6) months have elapsed since the Hollands filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

11. The Hollands are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs David S. Holland and Jacque N. Holland pray for judgment against the Defendant the United States of America in the amount of $9,744.00, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)